Charles Raymond **HODGE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24655.

United States Court of Appeals
Fifth Circuit.
March 27, 1968.

Charles R. Hodge, pro se.

Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before BROWN, Chief Judge, and JONES and CLAYTON, Circuit Judges.

CLAYTON, Circuit Judge:

This is an appeal from a conviction on a charge of transportation of a woman across state lines for immoral purposes. 18 U.S.C. § 2421. Only one point on this appeal need be considered. A special agent of the Federal Bureau of Investigation was permitted to testify to the jury about an oral confession which he obtained from Hodge. This was over seasonable objections made by court appointed counsel who represented appellant in the district court. There was a preliminary inquiry, out of the presence of the jury, with respect to whether vel non proper warnings were given to appellant and whether vel non the statement was voluntary. According to the special agent's testimony, Hodge was interviewed briefly three different times at the local jail on the same day. There is nothing in the record to suggest that there was any impropriety on the part of this agent at any of these interviews. The longest time consumed by any interview was approximately one hour.

At the first interview, which began at mid-morning, the agent identified himself, told appellant his purpose in being there and handed him a waiver form [1] with the request that he read it. Hodge read the form and stated that he understood it but refused to sign his name to it. Appellant also told this agent that he had no objections to being interviewed. Hodge admitted that he knew his wife was engaging in prostitution but denied that he had transported her to Jacksonville for that purpose. At the second interview, which began shortly after noon, the agent again exhibited the waiver form to Hodge and asked him if he was aware of his rights which he had waived at the previous interview. Hodge said that he was and that *he had no objection to being interviewed.* At this interview, he admitted transporting his wife to Jacksonville from Knoxville, Tennessee, for the purpose of prostitution. Again, before the third interview transpired, the agent reminded Hodge of the waiver form, and again, appellant said *he had no objection to being interrogated.* Hodge, thereupon, admitted that it was his idea (and not his wife's) to make the trip. The form to which reference has been made complies completely with all of the requirements delineated in Miranda v. State of Arizona, 384 U.S.

---

1. See Footnote 2 for the text of this form.

436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), if Hodge understood the rights stated therein.[2] We hold that Hodge knew his rights and that he effectively waived them. Davis v. United States, 363 F.2d 954 (5 Cir. 1966).

 Additionally, it is well to note that the judge stated during the preliminary hearing that the purpose of it was to determine whether or not the confession was voluntary. Hence, by permitting it to go to the jury, we must assume that this was tantamount to a finding by him that these were voluntary statements, although he made no such explicit finding. Also, the district judge properly instructed the jury with respect to when confessions or admissions could be considered.[3] Moreover, there were no objections made to the procedure followed with respect to the preliminary hearing and the repetition of the testimony heard thereat, when the statements were presented to the jury. Nor were there any exceptions to the full and complete instructions.

We are of the opinion that appellant's constitutional rights were effectively

protected and that he received a fair trial in which evidence of his guilt was quite strong, if not overwhelming. The district court should be and is

Affirmed.

---

2. The language of that form is:
 <u>YOUR RIGHTS</u>

 Before we ask you any questions, you must understand your rights. You have a right to remain silent. Anything you say can be used against you in court. You have a right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you before any questioning, if you wish. If you decide to answer questions now, without a lawyer present, you will still have the right to stop answering at anytime. You also have the right to stop answering at anytime until you talk to a lawyer.

 <u>WAIVER OF RIGHTS</u>

 I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

3. That part of his instruction pertinent on this point was as follows:

 All evidence relating to any oral admission or oral confession or other incriminating statement claimed to have been made by a defendant outside of court should be considered with caution and weighed with great care.

 The very nature of an admission made outside of court requires that the circumstances surrounding it be subjected to careful scrutiny in order to determine surely whether it was voluntarily and understandingly made.

 If the evidence does not convince beyond all reasonable doubt that an admission was made voluntarily and understandingly, the jury should disregard it entirely.

 On the other hand, if the evidence does show beyond a reasonable doubt that an admission was in fact voluntarily and understandingly made by a defendant, the jury should consider it as evidence against the defendant who voluntarily and understandingly made the admission.