**George F. HOLMES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 27, 1972.

Karl Haller, Georgetown, for defendant below, appellant.

H. Newton White, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

This appeal from a burglary conviction involves a violation of a rule of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant was arrested at approximately 12:30 p. m. When first interrogated about the offense by police at headquarters, after *Miranda*-type warnings, the defendant repeated "no comment" in response to the questioning "at least ten or a dozen times," according to the defendant, and about six times according to the police.

After about an hour of unsuccessful questioning, the defendant was placed in a cell; all of his clothes were taken from him; only his underwear was ultimately returned to him, although he complained of frost-bitten feet and the cold.

The defendant was taken from the cell at about 6:00 p. m. and again interrogated. He again responded "no comment" several times; but the police officers persisted and, finally, the defendant yielded and gave a written inculpatory statement. The statement was admitted in evidence over objections based upon *Miranda* and the above facts developed upon *voir dire*.

It was reversible error to admit the statement in evidence. The applicable rule is stated in *Miranda* as follows: (86 S.Ct. at 1627)

> "Once warnings have been given, this subsequent procedure is clear. If the individual indicates in any manner, at anytime prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked."

There was no "knowing and intelligent waiver" by the defendant of his *Miranda* rights. Compare United States v. Nielson, 7 Cir., 392 F.2d 849 (1968). The waiver cases cited by the State are inapposite: State v. Auger, Mo., 434 S.W.2d 1 (1968); Hodge v. United States, 5 Cir., 392 F.2d 552 (1968); People v. Hill, 39 Ill.2d 125, 233 N.E.2d 367 (1968). Compare People v. Fioritto, 68 Cal.2d 714, 68 Cal.Rptr. 817, 441 P.2d 625 (1968).

We do not reach the other grounds of appeal.

Accordingly, the judgment below must be reversed and the cause remanded for new trial.

UPON MOTION FOR REARGUMENT
(December 29, 1972)

The State has moved for reargument on the ground that the manner of incarceration of the defendant was a factual issue resolved against the defendant at trial "in conflicting testimony, in that the officers from the Bridgeville Police denied taking his clothes except during the initial search".

We think it clear on the face of the Opinion that the quantity of clothing taken from the defendant was not the primary basis of the holding that the inculpatory statement was obtained from the defendant in violation of the governing mandate of the United States Supreme Court as set forth in the *Miranda* case. The clothing issue in the instant case is collateral to the controlling rule prohibiting persistent police interrogation over a prolonged period of time after a prisoner has stated an unwillingness to talk.*

Upon this reconsideration of the matter, however, we take the occasion to clarify the record as to the items of clothing taken from the defendant by the Bridgeville Police; for we wish to avoid any unwarranted criticisms of the police officers involved.

The portion of the Opinion to which the motion is addressed is the following:

> "After about an hour of unsuccessful questioning, the defendant was placed in a cell; all of his clothes were taken from him; only his underwear was ultimately returned to him, although he complained of frost-bitten feet and the cold."

The foregoing factual statement was based upon contentions of the defendant— contentions which were not controverted by the State either in the briefs or the oral argument before this Court.

---

* The removal of prisoners' clothing is recognized, however, as an insidious method of psychological coercion practiced in some quarters to obtain confessions. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 1616, f.n. 17, 16 L.Ed.2d 694 (1966).

Upon review of the trial transcript, however, it appears that the police officers testified that, while in the cell, the defendant had all of his clothing except sweater, belt, and shoes; that the sweater was returned to him when he complained of the cold, but that the shoes were not returned until after the confession was obtained, even though the defendant complained of the effect of the cold upon his feet from which several toes had been amputated previously due to frost bite. The officers testified that the shoes and belt were kept from the prisoner, under routine procedures, to avoid suicide attempts and, as to the shoes, to avoid concealment of weapons or evidence therein.

In the light of such testimony of the police officers at the trial, the paragraph of the Opinion in question will be changed to read as follows:

"After about an hour of unsuccessful questioning, the defendant was placed in a cell without certain items of his clothing, including his shoes, although he complained of frost-bitten feet and the cold."

The motion for reargument is denied.