UNITED STATES of America

v.

Wilfredo ALVAREZ et al.

Appeal of Jose Antonio HERNANDEZ.

No. 74–1932.

United States Court of Appeals,
Third Circuit.

Argued Feb. 25, 1975.

Decided June 11, 1975.

Certiorari Denied Oct. 20, 1975.
See 96 S.Ct. 221.

Stephen M. Greenberg, Newark, N. J., for appellant.

Jonathan L. Goldstein, U. S. Atty., John J. Barry, Asst. U. S. Atty., Newark, N. J., for appellee.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal seeks reversal of the judgment and commitment entered on a jury conviction for kidnapping and conspiracy to kidnap in violation of 18 U.S.C.A. § 1201(a) and (c) (1975 Supp.). The defendant-appellant confines his arguments to various asserted trial errors which will be described in the course of this opinion and the Not for Publication Memorandum being filed with this opinion; other aspects of the case are described in the opinion of this court reversing the conviction of a co-defendant, John (a/k/a Jorge) Martinez, 519 F.2d 1036 (1975), being filed on this date. As to defendant Hernandez, we will affirm.

The defendant would have us find reversible error in the district court's admission of a redacted version of a confession of the co-defendant, John Martinez. While acknowledging that this court has allowed the use of a "redacted confession" (page 14 of appellant's brief) of a co-defendant in *United States v. Lipowitz,* 407 F.2d 597 (3d Cir.), *cert. denied,* 395 U.S. 946, 89 S.Ct. 2026, 23 L.Ed.2d 466 (1969), the defendant argues that error occurred in this case because, in his summation, the prosecutor used the confession to corroborate the testimony of the chief Government witness, Merida.

We are not persuaded that error was committed. We have read the redacted version of John Martinez's testimony, see A223–25, and find that it nowhere mentions any of Martinez's co-defendants, including Hernandez, the appellant now before us. In fact, the only allusion to other participants in the kidnapping was to Merida, who had confessed and testified for the Government. All reference to actions taken by the co-defendants was in the passive voice. Of course, a reasonably intelligent reader could determine that two persons (John Martinez and Merida) could not possibly have done all the things recounted in the redacted confession, but the confession did not disclose whether the other participants were male or female or even how many others there were. Because the confession does not, in its redacted form, so much as hint that Hernandez, the appellant herein, was involved in the crime, we find that the confession did not "inculpate" Hernandez within the meaning of *Bruton v. United States,* 391 U.S. 123,

123–24, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). See *Lipowitz, supra* 407 F.2d at 602.

While the redacted confession, standing alone, does not inculpate Hernandez, we are concerned about the prosecutor's use of the confession to corroborate the testimony of Merida, the chief Government witness against Hernandez. It should be noted at the outset that the district court repeatedly admonished the jury to consider the confession only in regard to John Martinez. N.T. 2938–39 (A130–31); 2974 (A166). The court also warned the prosecutor not to use the confession against John Martinez's co-defendants and eventually forbade the prosecutor ever to mention the confession in any context again. N.T. 2971–72 (A163–64); 2985 (A177). We have carefully reviewed the record in this case and have concluded that there was no abuse of discretion in refusal to grant a mistrial in view of the cautionary instructions of the trial judge.

The Supreme Court has cautioned against reliance solely on limiting instructions where "a substantial threat" to a defendant's right to confront the witnesses against him is involved. *Bruton, supra* at 137, 88 S.Ct. 1620. In *Bruton,* the Court pointed out at pages 135–36, 88 S.Ct. at page 1627:

"... there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. [Citing cases.] Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed." (Footnotes omitted.)

We must assume that under many circumstances instructions of the type used by the district court may not be entirely effective.

■ Whenever the redacted confession of a co-defendant is introduced at a joint trial, there is some danger of prejudice to the other defendants. In some cases this will arise simply as a matter of guilt by association; in others, as in this case, the redacted confession will tend to corroborate other evidence in the Government's case. In *Lipowitz, supra,* this court decided in effect that the benefits of joint trials outweigh the potential prejudice of a co-defendant's confession, so long as the confession does not directly inculpate the other defendants. But the trial court should, nevertheless, take every step possible to minimize the potential for prejudice. Careful redaction, as was utilized in this case, is the first essential. With respect to corroboration, we believe that the rule eventually adopted by the trial judge in this case is the best one. Absent unusual circumstances, the prosecutor should not be allowed, in his summation, to refer to the redacted confession for purposes of corroboration at all, where the evidence it corroborates is being used against the confessor's co-defendants. This practice would obviate the need for cautionary instructions which the Supreme Court in *Bruton* found to be of dubious value.

■ Pursuant to our supervisory authority over the administration of criminal justice in the district courts, see *McNabb v. United States,* 318 U.S. 332, 340–41, 63 S.Ct. 608, 87 L.Ed. 819 (1943); *United States v. Barber,* 442 F.2d 517, 528 (3d Cir. 1971); see also *United States v. Schiavo,* 504 F.2d·1, 7, including cases cited at note 13 (3d Cir. 1974), we state the above rule as the policy of

this circuit for the future. It does not, however, require reversal in the present case. Under *Bruton* and *Lipowitz,* the Constitution requires only that the redacted confession not in itself "inculpate" the other defendants. We have found, above, that John Martinez's confession did not inculpate Hernandez. The evidence against Hernandez was in other respects consistent and overwhelming; we therefore hold that he was not deprived of his constitutional rights by the use of the Martinez confession.

For the foregoing reasons and those stated in the Memorandum being filed herewith, the judgment and commitment will be affirmed.