UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Keith DADY,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

William Andrew RANSOM,
Defendant-Appellant.

Nos. 75–2458, 75–2459.

United States Court of Appeals,
Sixth Circuit.

Decided June 10, 1976.

Argued April 12, 1976.

Doug Thoresen, Nashville, Tenn. (Court-appointed CJA), for defendant-appellant.

Charles H. Anderson, U.S. Atty., Irvin H. Kilcrease, Jr., Nashville, Tenn., for plaintiff-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Appellants Dady and Ransom were indicted and convicted on one count of conspiracy to rob the Harpeth National Bank at Nolensville, Tennessee, 18 U.S.C. §§ 371, 2113(a). A third defendant, Lawrence Harrison, was convicted, but has not appealed his conviction. In their appeals Dady and Ransom assert that the introduction into evidence at their joint trial of a redacted oral confession of co-defendant Harrison violated their constitutional rights to confrontation under the Sixth Amendment, *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). They also claim that there was insufficient evidence, particularly on the element of an agreement on their part to commit the robbery, to support the verdict of the jury. In addition, in his appeal, Dady alleges as part of the *Bruton* issue, that the government in its closing argument improperly argued the facts brought out in Harrison's confession, to Dady's further prejudice.

Briefly summarized, the proofs show that on May 15, 1975, Dady, Harrison and one Richard Steele met in Nashville, at which time Harrison stated that he knew of a bank to rob in the country and offered to split the proceeds of the robbery with Steele and Dady if they would take him there. The following day, May 16, Dady picked up Steele, Harrison and Ransom and the four men went to the apartment of William Cross. Thereafter the group drove to Nolensville to the Harpeth National Bank, where Steele went inside to check it out while the others remained in the car. Steele felt someone was watching him as he left the bank, and the group returned to Nashville and split up.

Dady, Steele, Harrison and Cross met again on May 19, but Ransom was unable to meet them as he could not obtain a pass from the Work Release Center where he was incarcerated. On May 20, Dady, Ransom, Harrison and Steele returned to Nolensville. Because they thought they had been seen, the men went back to Nashville, changed cars, and returned to Nolensville in a blue Pontiac. Prior thereto, at Ransom's request, Steele had obtained two pistols. Meanwhile Steele notified the police of the planned robbery and obtained a promise of a $400 reward for his cooperation.

The group discussed what they should do and it was finally decided that only Dady and Harrison would go to the bank while Ransom and Steele waited nearby at a Dairy Queen drive-in. Accordingly, Dady and Harrison went to the bank where they were arrested by FBI agents.

■ Neither Steele nor Cross was indicted, although Steele was named in the indictment as a co-conspirator. Both testified freely at the trial and we conclude that their testimony alone fully established the existence of the conspiracy, including the agreement and the commitment of Dady, Harrison and Ransom to it. Testifying also at the trial was FBI agent Laverne Moore. Moore was permitted to testify concerning a confession given to him by Harrison, but only after the district judge had heard the proposed testimony out of the presence of the jury during an evidentiary hearing, and ordered that any reference to defendants other than Harrison be redacted. The testimony so redacted was finally given by Moore in the presence of a jury.[1]

---

1. Agent Moore's testimony concerning the confession was as follows:

Q. Mr. Moore, you interviewed Mr. Lawrence Harrison, is that correct?

Appellants contend that admission of the confession even as redacted, was inculpatory to them and thus violated their Sixth Amendment right to confrontation, since they had no opportunity to cross-examine Harrison. Specifically, they contend that while the confession made no mention of Dady and Ransom by name, other evidence showed that these defendants had accompanied Harrison to the bank several times. Since Harrison admitted he had gone to the bank with the intent to rob it, the only possible inference the jury could draw was that Dady and Ransom also had gone to the bank with the same intent.

■■■ In *Bruton v. United States, supra,* the Supreme Court held that introduction of the confession of a defendant in a joint trial which incriminates his co-defendant may violate the latter's right of confrontation under the Sixth Amendment, where there is no opportunity to cross-examine the defendant who has confessed. In a footnote, the Supreme Court noted the practice of some lower courts of curing the potential prejudice by deleting or redacting from the confession any reference to the co-defendants. *Bruton v. United States,* 391 U.S. 123, 134 n. 10, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Since *Bruton* courts have generally approved this practice as a useful alternative to ordering separate trials of co-defendants, but have subjected its employment to close scrutiny for potential unfairness and collision with the principles of *Bruton, supra.* See e.g. *United States v. Hicks,* 524 F.2d 1001 (5th Cir. 1975), *United States v. Alvarez,* 519 F.2d 1052 (3rd Cir.),

*cert. denied* 423 U.S. 914, 96 S.Ct. 221, 46 L.Ed.2d 143 (1975), *United States v. Wingate,* 520 F.2d 309 (2nd Cir.), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976), *United States v. English,* 501 F.2d 1254 (7th Cir.), *cert. denied* 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 811 (1975), *United States v. Jenkins,* 496 F.2d 57 (2nd Cir.), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975), *United States v. Trudo,* 449 F.2d 649 (2nd Cir.), *cert. denied* 405 U.S. 926, 92 S.Ct. 975, 30 L.Ed.2d 799 (1972), *United States v. Gregg,* 414 F.2d 943 (7th Cir.), *cert. denied* 399 U.S. 934, 90 S.Ct. 2251, 26 L.Ed.2d 806 (1970).

In *United States v. Trudo, supra,* three defendants were tried jointly for bank robbery. At trial, the government introduced testimony concerning confessions of two defendants made to an agent, but in each instance the trial judge instructed the witness to omit reference to any defendant except the declarant when testifying. On appeal, the defendant who made no statement and one co-defendant argued that the *Bruton* rule was nevertheless violated. Since two of the men had made statements indicating their own guilt, and independent evidence showed that three men robbed the bank and that the three co-defendants were seen together at the time of the robbery, defendants argued that the only logical inference the jury could draw was that all three men, including the defendant who made no statement, had robbed the bank. The Second Circuit rejected the contention:

> *Bruton* is clearly not applicable here since the redacted statements heard by

---

A. Yes, I did.
Q. On May 21, 1975?
A. That's correct.
Q. Did Mr. Harrison state to you he had been to Nolensville, Tennessee, in the past?
A. Yes. Defendant Harrison told me he had been to Nolensville, Tennessee, three times in the past two weeks. He said he had gone there to visit a friend, Ken Warren, and didn't have a good address for him and never was able to find him.
Q. Did Mr. Harrison state to you that he planned to rob a bank in Nolensville?
A. Yes, sir, on that same interview on May 21, 1975, defendant Harrison told me that he did in fact intend to rob the bank in

Nolensville and he said that on May 16, 1975, he had gone to Nolensville for that purpose.
He said he had with him a .22-caliber pistol and a .32-caliber automatic in the car and also a silk mask. He said when he got to Nolensville, Tennessee, he changed his mind and returned to Nashville, Tennessee.
He continued to relate to me that on May 20, 1975, he again went to Nolensville, Tennessee, and said he arrived there between 10:00 and 11:00 a.m. on the 20th and again he had a pistol in the car with him when he arrived at the bank, and when he arrived at the bank he went inside carrying a brown paper sack and in the sack was a jar of coins.

the jury in no way incriminate the co-defendants which is a necessary prerequisite (See *United States ex rel. Nelson v. Follette, supra,* 430 F.2d 1055 at 1057 (7 Cir.)). The inference that if one defendant was guilty the co-defendants must also have been, is based not on the redacted confession but on the other independent evidence placing three men in the car "casing" the bank; the presence of three men in the bank; the presence of the appellants in the Roostertail after the robbery; the evidence of consciousness of guilt and newly acquired wealth—all of which evidence was subject to full attack and challenge. In light of the careful instructions of the trial court, both at the time of the admission of the confession and in the final charge to the jury, that the admissions were to be considered only against the person making them and not against the co-defendants, and the substantial circumstantial evidence adduced, we see no reason to extend the *Bruton* principle. 449 F.2d 649, 653.

We conclude that the logic adopted by the Second Circuit applies as well here. If an inference arose that Dady and Ransom intended to rob the bank, it arose from the fact that independent evidence showed that they had accompanied Harrison to the bank, had discussed robbing the bank, and had discussed obtaining guns for that purpose. None of this evidence came from the confession, but came directly from the testimony of Steele and Cross.

From our examination of the record we are satisfied that the trial judge carefully protected the defendants from the potential prejudice recognized in *Bruton* by testing the evidence in advance out of hearing of the jury and by appropriately cautioning counsel and the witness to guard against the intentional injection of the prohibited material. The statement introduced at trial here was not comparable to that in *Bruton,* characterized by the Supreme Court there as "powerfully incriminating". 391 U.S.

123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476. See also *United States v. Levinson,* 405 F.2d 971, 987–88 (6th Cir.) *cert. denied* 395 U.S. 958, 89 S.Ct. 2097, 23 L.Ed.2d 744 (1969). Accordingly, we find no error in its admission at trial here.

In closing argument, counsel for the government made limited reference to Harrison's confession,[2] arguably to corroborate evidence used against Dady and Ransom as well as Harrison. While it might have been proper for the district judge to have placed limitations upon the government's reference to the confession in closing argument, *United States v. Alvarez, supra,* 519 F.2d 1052, 1054, we conclude that the limited reference to Harrison's confession in closing argument was in no way prejudicial and did not go beyond the testimony given by Moore.

Accordingly, the judgment of the district court is affirmed.

**2.** "They drove down there. Harrison in his statement, admits that he planned to rob the bank; that there were two masks and two guns in the car. They go in and they take a look at it. They send Steele to look at it."