**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Ernest N. HENDRICKSON, III,**
**Defendant-Appellant.**

**No. 76–1012.**

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1976.

Decided Sept. 24, 1976.

Robert C. Langston, Knoxville, Tenn. (Court-appointed), for defendant-appellant.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Richard K. Harris, Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant Hendrickson, after a jury trial in the U. S. District Court for the Eastern District of Tennessee, Northern Division, was convicted on a charge of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113(a), (d). He was sentenced to five years.

■ At a joint trial with three co-defendants, appellant's principal defense was that, although he had participated in conversations about robbing a bank, the conversa-

tions were of a joking nature, and involved no actual criminal intent. Two of the co-conspirators, however, testified that the matter had gone beyond conversation, and that appellant had made a diagram of the bank, that roles for the participants in the proposed bank robbery had been assigned, and that plans for disguises and guns for the robbery had been made. While no appellate issue concerning sufficiency of the evidence is presented, we observe that there was ample evidence to support the jury finding of guilty beyond reasonable doubt.

■ Before this court, appellant contends that the testimony of an FBI agent named Samson violated the principles of the *Bruton* case, *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Samson was instructed to omit (redact) the names of all persons then on trial except the one whose incriminating statement he intended to repeat. Samson did so but his testimony was such (when supplemented by that of the two co-conspirators who were not on trial) as to allow the jurors to identify the defendant even though he was not named.

As we see the matter, this is not really a *Bruton* issue. Clearly, here the incriminating statement objected to was that of co-defendant Perry who was at the trial, did testify and was available for cross examination. The *Bruton* guarantee of full and effective cross examination was met by these facts. See *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971).

Appellant's claim before us, however, is that Samson's elimination of the name of the appellant was rendered meaningless because it was obvious that appellant was being talked about. The reason why it was obvious was that there was other clearly admissible testimony which identified appellant as being involved in the events described in Perry's statement.

This court has recently dealt with this exact issue and stated its holding thus:

"In *United States v. Trudo, supra* [449 F.2d 649 (2nd Cir.), *cert. denied* 405 U.S. 926, 92 S.Ct. 975, 30 L.Ed.2d 799 (1970)], three defendants were tried jointly for bank robbery. At trial, the government introduced testimony concerning confessions of two defendants made to an agent, but in each instance the trial judge instructed the witness to omit reference to any defendant except the declarant when testifying. On appeal, the defendant who made no statement and one co-defendant argued that the *Bruton* rule was nevertheless violated. Since two of the men had made statements indicating their own guilt, and independent evidence showed that three men robbed the bank and that the three co-defendants were seen together at the time of the robbery, defendants argued that the only logical inference the jury could draw was that all three men, including the defendant who made no statement, had robbed the bank. The Second Circuit rejected the contention:

*Bruton* is clearly not applicable here since the redacted statements heard by the jury in no way incriminate the co-defendants which is a necessary prerequisite (See *United States ex rel. Nelson v. Follette, supra,* 430 F.2d 1055, at 1057 (2 Cir.)). The inference that if one defendant was guilty the co-defendants must also have been, is based not on the redacted confession but on the other independent evidence placing three men in the car 'casing' the bank; the presence of three men in the bank; the presence of the appellants in the Roostertail after the robbery; the evidence of consciousness of guilt and newly acquired wealth—all of which evidence was subject to full attack and challenge. In light of the careful instructions of the trial court, both at the time of the admission of the confession and in the final charge to the jury, that the admissions were to be considered only against the person making them and not against the co-defendants, and the substantial circumstantial evidence adduced, we see no reason to extend the *Bruton* principle. 449 F.2d 649, 653.

We conclude that the logic adopted by the Second Circuit applies as well here. If an inference arose that Dady and Ransom intended to rob the bank, it arose from the fact that independent evidence showed that they had accompanied Harrison to the bank, had discussed robbing the bank, and had discussed obtaining guns for that purpose. None of this evidence came from the confession, but came directly from the testimony of Steele and Cross."

*United States v. Dady,* 536 F.2d 675 (6th Cir. 1976) (decided June 10, 1976).

Appellant also claims that the District Judge committed reversible error in instructions to the jury given at the beginning of Samson's testimony and in his jury charge. We have read both sets of instructions with care and find no reversible error. When asked to do so, the District Judge gave a number of specific instructions at the request of the defendants. Neither of the matters now complained about were objected to at trial. We find no clear error nor invasion of appellant's substantial rights in his instructions. See Rule 52, Fed. Rules of Criminal Procedure.

The judgment of the District Court is affirmed.