**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Iva GRIFFIN, Defendant-Appellant.**

**No. 73-1495**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1973.

———◆———

Robert Iva Griffin, pro se.

Stanley M. Dietz, Washington, D. C., for defendant-appellant.

Robert W. Rust, U. S. Atty., Carol Anderson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant, Robert Iva Griffin, was indicted for (1) transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312, and (2) disposing of a stolen vehicle in violation of 18 U.S.C. § 2313. Viewed in the light most favorable to the government, Glas-

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

ser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, 704, the evidence established that appellant obtained an automobile from Hertz Rental Agency in Washington, D. C. through the unauthorized use of a credit card belonging to one William Prunier and then transported the automobile to Miami, Florida, where he disposed of it. After a jury trial, appellant was convicted on both counts of the indictment and received concurrent sentences of three years imprisonment. Appellant challenges his conviction on a number of grounds, none of which we find meritorious. We affirm.

■■ In an an oral statement made to an FBI agent on January 13, 1972, appellant declared that he had come into possession of a driver's license in the name of William Prunier, that he had utilized the driver's license in obtaining an automobile from a rental agency, and that he had driven the automobile into Florida, abandoning it there. Before making this statement, appellant was handed a form advising him of his constitutional rights, which he read and which he stated he understood. Appellant, however, refused to sign a form acknowledging that he had been advised of his constitutional rights. He now contends that the trial judge erred in allowing the FBI agent to testify concerning his oral statement because his refusal to sign the acknowledgment form demonstrated that he had not voluntarily waived his rights. After first hearing the testimony of the FBI agent out of the presence of the jury, the trial judge determined that appellant's oral statements were voluntary and allowed the agent to testify concerning them. We find that the procedure followed by the trial judge comported with the applicable law of this Circuit and that the finding that appellant's statement was voluntary is fully supported in the record. See United States v. Bailey, 5 Cir. 1972, 468 F.2d 652, aff'd en banc, 480 F.2d 518 (1973); United States v. Hopkins, 5 Cir. 1970, 433 F.2d 1041, cert. denied, 1971,

401 U.S. 1013, 91 S.Ct. 1252, 28 L.Ed.2d 550.

Appellant also contends that the trial judge erred in admitting the testimony of an FBI fingerprint expert concerning appellant's fingerprint which was found on a Hertz Rental Agreement issued in connection with the transaction under review. Relying on United States v. Borum, 1969, 127 U.S.App.D.C. 48, 380 F.2d 595, appellant argues that the trial judge erred in admitting the testimony because the government's evidence did not reasonably exclude the hypothesis that appellant's fingerprint was impressed upon the document at a time other than that of the crime. This reliance on Borum is misplaced, for Borum is not a case dealing with the admissibility vel non of fingerprint evidence. In Borum, the District of Columbia Circuit reversed a criminal conviction for housebreaking that was based solely on the fact that the defendant's fingerprints were found on objects in the house that had been entered. The court held that a motion for a judgment of acquittal at the close of the government's case should have been granted:

"With evidence so inconclusive, a reasonable person must have a reasonable doubt about Borum's guilt. The case should not have been submitted to the jury, for the Government produced no evidence, *either direct or circumstantial*, which could support an inference that the fingerprints were placed on the jars during commission of the crime."

United States v. Borum, *supra*, at 597 (footnotes omitted).

■ In the instant case, the evidence concerning the fingerprint was clearly relevant and admissible, for it was circumstantial evidence of appellant's involvement in the theft of the rental auto. Moreover, the fingerprint is not the only factor supporting appellant's conviction. Unlike the situation in *Borum*, there is ample additional evidence, including appellant's own statements,

from which the jury could reasonably have concluded that the evidence was inconsistent with the hypothesis of appellant's innocence. Thus the trial judge did not err in denying appellant's motion for a judgment of acquittal. *See* United States v. Stephenson, 5 Cir. 1973, 474 F.2d 1353, 1355; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825, cert. denied, 1971, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58; United States v. Andrews, 5 Cir. 1970, 427 F.2d 539, 540; Surrett v. United States, 5 Cir. 1970, 421 F.2d 403, 405. United States v. Roustio, 7 Cir. 1972, 455 F.2d 366, 370.

Finally, we find no merit in appellant's suggestion that the trial judge's instruction to the jury on Count II constituted plain error meriting reversal.

Affirmed.