George H. PERKINS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–2982
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George H. Perkins, pro se.

Frank D. McCown, U. S. Atty., William O. Wuester, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

**PER CURIAM:**

This appeal is from the District Court's denial of appellant's § 2255 motion to vacate sentence. A jury convicted appellant, a federal prisoner, under each count of a two-count indictment charging him in one count with bank robbery and assault with a dangerous weapon in connection therewith, in violation of 18 U.S.C.A. § 2113(a) and (d)[1], and in the second count with carrying a firearm unlawfully during the commission of a felony in violation of 18 U.S.C.A. § 924(c)(2).[2] The District Court sentenced appellant to the custody of the Attorney General for 15 years on count one and 3 years on count two, the punishment in count two being consecutive to the sentence assessed in count one. This Court affirmed the conviction. *United States v. Perkins*, 5 Cir., 1972, 459 F.2d 1392, *cert. denied*, 409 U.S. 1062, 93 S.Ct. 569, 34 L.Ed.2d 515.

In his § 2255 Motion, appellant contended that the indictment was duplicitous when it charged him in one count with committing an assault with a dangerous weapon—which in this case was a firearm—during commission of a bank robbery and in the second count with carrying a firearm unlawfully during the commission of a felony. He further as-

---

1. (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000.00 or imprisoned not more than twenty-five (25) years, or both.

2. Whoever carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a Court of the United States . . . shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment of not less than one year or more than ten years.

serted that he was denied effective assistance of counsel because counsel permitted him to be tried on the duplicitous indictment and was not adequately prepared. The District Court denied appellant's motion on July 8, 1975.

 In order for separate offenses to be carved out of a single incident, each of the offenses created must require proof of at least one different element. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Hornbeck v. United States*, 5 Cir., 1974, 503 F.2d 1029. The elements of the two separate offenses charged in this case meet that test. To convict for a violation of § 924(c)(2), the Government must prove, in *addition* to the elements [3] necessary to prove a violation of § 2113(a) and (d), that appellant carried a *firearm*, not just a dangerous weapon, and that he carried it *unlawfully*. The elements of "firearm" and "unlawfully" are unique to the § 924(c)(2) count. Unlawfulness is not an element of § 2113(d), and § 2113(d)'s element of a dangerous weapon may consist of various instruments, only one of which is a firearm. The fact that a firearm happened to be the dangerous weapon in this particular case does not alter the fact that "firearm" and "dangerous weapon" are not coterminous elements.

Appellant was sentenced under § 924(c)(2) for the separate offense of carrying a firearm unlawfully during the commission of a felony, and his sentence was not just an enhancement on the sentence given for the conviction under § 2113(a) and (d). *United States v. Sudduth*, 10 Cir., 1972, 457 F.2d 1198. *See* *also United States v. Beck*, 6 Cir., 1975, 511 F.2d 997. The two offenses charged were not duplicitous.

We agree with the District Court that appellant's contention that at his trial he was denied the effective assistance of counsel, who was court-appointed, is completely without merit.

Affirmed.

---

**3.** As the District Court instructed the jury:

"Now, there are four essential elements required to be proved in order to establish the offense [bank robbery and assault with a dangerous weapon] charged in Count One in the indictment:

First: the act or acts of taking from the person or presence of another money belonging to or in the care, custody, control, management or possession of a bank as charged;

Second: The act or acts of taking such money by force or violence, or by means of intimidation;

Third: The act or acts of assaulting, or of putting in jeopardy the life of any person by the use of a dangerous weapon or device, while engaged in stealing such money from the bank, as charged; and

Fourth: Doing such act or acts willfully."
Tr. at 306–307.