**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesse Louis NELSON and Benny Lee
White, Defendants-Appellants.**

**No. 77–5086.**

United States Court of Appeals,
Fifth Circuit.

June 2, 1978.

---

John T. Mulvehill, Federal Public Defender, Richard T. Simmons, Jr., Asst. Federal Public Defender, New Orleans, La., for defendants-appellants.

John P. Volz, U. S. Atty., Mary Williams Cazalas, Daniel A. Bent, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge,* and HILL, Circuit Judge.

THORNBERRY, Circuit Judge:

Defendants-appellants Jesse Louis Nelson and Benny Lee White were charged with bank robbery in a two-count indictment. The government's theory of the case was that appellant Nelson was the principal, and that he alone entered the bank with a handgun and by using it robbed the bank and put the lives of the bank employees in jeopardy, while appellant White aided and abetted Nelson in the crime by waiting for him in the getaway car outside of the bank.

Nelson and White were apprehended after a high-speed chase during which the police fired at the tires of their car. The car in which they were riding stopped only when it struck a police car blocking the road. Officers found a bag of money in the car, including bait money stolen in the robbery, and also a .22 caliber revolver. Appellants explained their circumstances by stating, in testimony at their trial, that while they had gone to the victim bank earlier in the day, appellant White had forgotten his bank book and saw no reason to stop at the bank. They then proceeded with a planned fishing expedition and while looking for a likely spot they picked up a hitchhiker who sat in the back seat of the car. Appellants testified that after the hitchhiker left the car at New Sarpy, Louisiana, Nelson discovered the money and gun in the back seat. They also asserted that until the collision occurred they did not know who was chasing them because they could not see that the pursuing cars were marked as police cars.[1]

In this appeal[2] both appellants assert that the district court erred in allowing the prosecutor, over defense objection, to elicit an impeaching statement during prosecution rebuttal without laying a proper foundation for the statement and without a hearing outside the jury's presence. They also contend that the impeaching statement was inadmissible under Rule 11(e)(6) of the Federal Rules of Criminal Procedure. Appellant White complains that the trial court's erroneous instructions to the jury resulted in an inconsistent verdict, entitling him to a new trial or alternatively to have his conviction under 18 U.S.C. § 2113(d) set aside and to be re-sentenced under 18 U.S.C. § 2113(a). We find no merit in the contentions relating to impeaching state-

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. Although Nelson fit the general description of the man who entered the bank, neither Nelson nor White could be identified by witnesses when apprehended. For that reason, the government's case was largely circumstantial. The government produced testimony concerning the appellant's apprehension. A bank customer testified that a green Thunderbird, with which she narrowly missed having an accident, followed her to the bank the morning of the robbery and that she later observed it parked in front of the bank just prior to the robbery. She later identified a car belonging to appellant Nelson's father as the Thunderbird she had seen the day of the robbery.

2. The appeal of this case was filed out of time. The trial court determined that in view of the indigent status of the appellants and in view of the fact that they were not notified on the record of their right to appeal, as required by Rule 32(a)(2) of the Federal Rules of Criminal Procedure, the appellants should be permitted, in the interest of justice, to proceed in forma pauperis on their out-of-time appeal to this court. The government agreed with this determination and did not contest same before this court. We also agree and find the appeal properly before this court. See *United States v. Deans*, 436 F.2d 596 (3 Cir. 1971); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

ments. Appellant White's complaint on inconsistent verdicts is another matter. We find that White's conviction under 18 U.S.C. § 2113(d) is inherently inconsistent with this acquittal under 18 U.S.C. § 924(c)(1). Under the limited circumstances of this case there is no need for a new trial and we therefore reverse the 18 U.S.C. § 2113(d) conviction with directions that White be re-sentenced under 18 U.S.C. § 2113(a).

One other problem must be resolved on this appeal. After the panel heard oral argument in this case but prior to its decision, the Supreme Court decided *Simpson v. United States*, —— U.S. ——, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) relating to sentencing under both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1). We must determine *Simpson's* effect on this appeal.

### Nelson's Prior Statement

Both appellants attack the introduction of a prior statement allegedly made by Nelson, after his arrest, to detective Edward Steward. Nelson allegedly told Steward that he found the money along Highway 61 while looking for a place to fish. Testimony relating to that statement was elicited during cross-examination of Nelson.[3] Nelson and White claim that its admission violates Rule 11(e)(6) of the Federal Rules of Criminal Procedure, that it was admitted without sufficient foundation and that no determination was made of the voluntariness of the statement.

■ Rule 11(e)(6) deals with the admissibility of guilty pleas and of nolo contendere, later withdrawn; with offers to plead guilty and of nolo contendere, to the crime charged or any other crime; and, with statements made in connection with, and relevant to, any of the foregoing pleas or offers. It provides that such evidence is not admissible in any civil or criminal proceeding against the person who made the

plea or offer. The statement of the appellant Nelson was entirely exculpatory. Its obvious and only purpose was to deny and avoid guilt. Thus, even, if it were technically inadmissible under Rule 11(e)(6), *United States v. Herman*, 544 F.2d 791, 796 (5 Cir. 1977), its consideration could not have had impact on the jury's decision and its admission was harmless error. *United States v. Martinez*, 536 F.2d 1107 (5 Cir. 1976), *cert. denied*, 429 U.S. 985, 97 S.Ct. 505, 50 L.Ed.2d 597 (1977).

■ Appellants' second complaint concerning the statement, that it was elicited without sufficient foundation, is equally without merit. Nelson squarely stated in cross-examination that if Steward claimed that he had first been told by Nelson that the money was discovered alongside of the highway, that statement would be incorrect. His testimony clearly implied that he had not told the story. That was sufficient foundation for the government to introduce Steward as a rebuttal witness and prove the prior inconsistent statement by his testimony.

■ Finally appellants argue that the statement was admitted in violation of the "voluntariness standard". The point was raised for the first time before this court. There was no mention nor questioning of the voluntariness of the statement at the time counsel for appellants sought the protective order nor in the objection made prior to the admission of the rebuttal testimony. Nothing in the record before us indicates such plain error that we are required to grant appellants relief on this basis.

### The Effect of *Simpson v. United States*

■ The Supreme Court held in *Simpson* that petitioners convicted of two separate aggravated bank robberies and of us-

---

**3.** The following testimony was elicited during cross-examination of Nelson:

Q [Prosecutor]: So, if detective Steward, for example says that you told him, the first story that you told him was that you found it along Highway 61 when you were looking for a place to fish, [would] that be incorrect?

A [Nelson]: Yes, it would be.
Q: You never told them that story?
A: I never did.
Q: He is in error then?
A: Yes.
Q: You are certain about that?
A: I am.

ing firearms to commit the robberies and sentenced to consecutive sentences under 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1) were entitled to have their 18 U.S.C. § 924(c) convictions vacated. The Simpson brothers received consecutive sentences; Nelson's sentences were concurrent. The government argued that this difference precluded *Simpson's* application to Nelson. We disagree. In *Simpson* the Court eschewed a constitutional analysis and based its decision upon statutory interpretation. The Court determined that both congressional intention, as established by the legislative history, and the established rule of construction that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity mandated that defendants not be sentenced under both statutes. The Supreme Court's holding stated:

> [I]n a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) and § 924(c).

It made no reference to the distinction between consecutive and concurrent sentences. Moreover the application of the concurrent sentence doctrine is discretionary. *United States v. Evans*, 572 F.2d 455 (5 Cir. 1978); *United States v. Ashley*, 569 F.2d 975 (5 Cir. 1978). Adherence to Supreme Court interpretation of federal criminal statutes is not. We hold that appellant

Nelson is entitled to have his § 924(c) conviction vacated and we so order. *Simpson* is of no aid to appellant White because he was not convicted of the § 924(c) offense. We therefore consider his problem separately.

### White's Claim of Erroneous Jury Instructions

With regard to appellant White's claim of erroneous instruction to the jury, we reach a different result. The defendants-appellants were charged with bank robbery in a two-count indictment. Count I charged Nelson and White with bank robbery under 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d), and 18 U.S.C. § 2. Count II charged the appellants with the use of a firearm to commit a felony under 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. In a jury trial appellant Nelson was convicted on both counts while appellant White was convicted on Count I and acquitted on Count II. He now complains that, as applied to him, the trial court gave erroneous instructions to the jury that resulted in inconsistent verdicts, with the result that he is entitled to either a new trial or a remand for resentencing.

We agree that the court's instructions to the jury were erroneous and resulted in White's improper conviction for the 18 U.S.C. § 2113(d) offense. Count I charged the appellants with violations of 18 U.S.C. §§ 2113(a) and 2113(d).[4] Broadly speaking,

---

4. Because of the importance of the statutes in this case we set them out in full below.

Title 18 U.S.C. §§ 2113(a), 2113(d), and 924(c)(1) provide as follows:

18 U.S.C. § 2113. Bank Robbery and Incidental Crimes.

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter a bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such a bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan associa-

tion of any statute of the United States or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 924. Penalties.

. . . . .

(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

. . . . .

shall, in addition to the punishment provided for the commission of such felony, be sen-

a violation of § 2113(a) requires that a defendant forcefully or violently take from the person or presence of another money or property that belongs to or is in the possession of a bank or savings and loan. Section 2113(d) requires that a defendant commit the offense described in Section 2113(a) and that he additionally assault or put in jeopardy the life of any person by the use of a dangerous weapon or device.[5] Count II of the indictment charged a violation of 18 U.S.C. § 924(c)(1), the use of a firearm to commit a felony for which the defendant may be prosecuted in a United States court.

During their deliberations the jury asked the trial court the following questions:

There is a discussion of one person not using a firearm. Can one person be convicted on Count One and not Count Two? If one had knowledge of a weapon, would this constitute use of a weapon?

The district judge responded by writing the following:

1. Yes, one person can be convicted of Count One and be found "not guilty" of Count Two.

2. If one defendant had knowledge of a weapon this would constitute use of a weapon so long as that defendant aided and abetted and assisted the other defendant who did use the weapon.

■ The supplemental instructions are erroneous because the trial court's answer failed to distinguish between the two separate degrees of offense involved in Count I. Moreover, those instructions did not limit the consideration of the use of the weapon to the 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1) charges. The use of the weapon was not applicable to the 18 U.S.C. § 2113(a) charge, but the jury was not so informed. No weapon or instrument other than the gun allegedly used by Nelson was involved in the crime. If White were not legally responsible for the gun's use, he could not have been convicted under either

18 U.S.C. § 2113(d) or 18 U.S.C. § 924(c)(1), but he could have been convicted of 18 U.S.C. § 2113(a). The trial court's instructions deprived appellant White of the benefit of jury consideration of the lesser included offense. *See United States v. Methvin,* 441 F.2d 584 (5 Cir. 1971) *cert. denied,* 404 U.S. 839, 92 S.Ct. 130, 30 L.Ed.2d 72. We take notice of these errors under the plain error rule. *Moore v. United States,* 399 F.2d 318 (5 Cir. 1968). The test for the application of that rule to erroneous court instructions not objected to is whether or not the error affects the fairness and integrity of the trial so as to require the appellate court to take notice of it to avoid a clear miscarriage of justice.

■ Applying these principles to the case before us we determine that the jury's inquiry and their later verdict clearly demonstrate that they thought that White participated in the robbery, but not in the use of the gun. We must now determine whether the error involved mandates a new trial or whether resentencing of White will suffice. When there is no way of knowing for which offense a properly instructed jury would have found an appellant guilty, a new trial is required as a prophylactic for improper jury instructions. *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). Unlike *Milanovich,* in this case we are not faced with an inconsistent and impenetrable jury verdict. But for the erroneous instruction, the jury would have had two choices. It could have found appellant White guilty of the 18 U.S.C. § 2113(a) offense—simple bank robbery—and acquitted him of the 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1) offenses involving the gun, or it could have convicted him of the latter two offenses. The Section 2113(d) and 924(c)(1) offenses are tied together by their common element of the gun and inconsistent verdicts on them is a logi-

tenced to a term of imprisonment for not less than one year nor more than ten years.

**5.** Our cases recognize that the subsections (a) and (d) of 18 U.S.C. § 2113 describe various stages or aggravated forms of the basic crime

of stealing property from a federally insured institution. *United States v. Gaddis,* 506 F.2d 353 (5 Cir. 1975); *United States v. Sullivan,* 485 F.2d 1352 (5 Cir. 1973).

cal impossibility.[6] This problem is one which the court can solve without any usurpation of the jury's function. *See United States v. Gaddis*, 506 F.2d 353 (5 Cir. 1975).

 Although these circumstances alone might persuade us that a new trial is unnecessary there is another reason for our adoption of the resentencing procedure in this case. The jury having determined that White should be acquitted of the 18 U.S.C. § 924(c)(1) offense, the government could not re-try White for the 18 U.S.C. § 2113(d) offense without running afoul of the double jeopardy-collateral estoppel principles of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Since an essential element of the § 2113(d) offense has been found in White's favor, he cannot be re-tried on that offense. In the face of these circumstances, we are compelled to direct that White's 18 U.S.C. § 2113(d) conviction be reversed and that the district court re-sentence White under the provisions of 18 U.S.C. § 2113(a).

We order that appellant Nelson's 18 U.S.C. § 924(c) conviction be VACATED in light of *Simpson v. United States, supra,* and that appellant White's conviction under 18 U.S.C. § 2113(d) be REVERSED and his case REMANDED to the district court for sentencing under 18 U.S.C. § 2113(a). Appellant Nelson's convictions under 18 U.S.C. § 2113(a) and (d) are affirmed.

**6.** Perhaps a simpler way to look at the problem is to reduce it to a chart:

Striking the inconsistencies, (2) and (3), we are still left with a jury answer that White did commit bank robbery the 18 U.S.C. § 2113(a) offense.