UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronnie Lee STEWART and Dan Edward Scott, Defendants-Appellants.

No. 77–5654
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert J. Evans, Rome, Ga. (Court-appointed), for Ronnie Lee Stewart.

Robert N. Farrar, Rome, Ga. (Court-appointed), for Dan Edward Scott.

William L. Harper, U. S. Atty., Charles S. Saphos, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Appellants Stewart and Scott were convicted of (1) conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; (2) bank robbery by force in violation of 18 U.S.C. §§ 2113(a) and (d); (3) carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2); and (4) possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The defendants were sentenced to twenty years and twenty-five years respectively under count two. The defendants were also assessed various concurrent sentences under the other three counts.

In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 [1978], the Supreme Court held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both Section 2113(d) and Section 924(c)." *Id.* at 6, 98 S.Ct. at 910. Although the appel-

lants did not present this point on appeal, we believe that they are entitled to a vacation of the 18 U.S.C. § 924(c) sentence because it is clear that the preserving of such a point of error would have been fruitless under *Perkins v. United States*, 526 F.2d 688 (5 Cir. 1976).[1] Furthermore, we have decided in *United States v. Nelson*, 574 F.2d 277, 280 [5 Cir. 1978] that the concurrent sentence doctrine would not be a bar relief under *Simpson*. Therefore we reverse the appellants' 18 U.S.C. § 924(c) convictions (count three) and remand with directions that these sentences be vacated.

The appellants do, however, bring forward other points of error: (1) that the evidence was insufficient to support conviction, (2) that a shotgun and certain evidence of flight were improperly admitted into evidence, and (3) that the admission into evidence of a codefendant's confession violated *Bruton v. United States*, 391 U.S. 123, 135–37, 88 S.Ct. 1620, 20 L.Ed.2d 476. Finding no merit to the petitioners' claims, we affirm.

■ Using the concurrent sentence doctrine, we will review the sufficiency of the evidence for only count two, the count for which the appellants received the greatest sentence. *United States v. Ashley*, 569 F.2d 975, 983 (5 Cir. 1978). The evidence viewed in the light most favorable to the government *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 689 (1942) reveals the following: On September 27, 1976, a home in Dalton, Georgia, was burglarized. Among the things stolen were quantities of men's clothing and a shotgun. That same day a 1970 beige Pontiac belonging to another Dalton resident was also stolen. After the car theft, Mrs. Virginia Call gave permission to her brother, appellant Stewart, to paint a car in her yard. As Stewart and Scott were painting it, Mrs. Call's son, Tracy, wrote his name in the wet green paint. The appellants were also seen carrying a sawed-off shotgun.

The following day, two men entered and robbed the Hamilton Bank in Dalton, Georgia. One man was wearing a burgundy shirt and carrying a sawed-off shotgun. Both men wore stocking masks. The two escaped in a car variously reported to be either a green Oldsmobile or a green Chevrolet.

Stewart and Scott returned to Mrs. Call's home without the repainted car and carrying a paper bag. The appellants then left Dalton, Georgia.

Later the stolen car was found abandoned in a cornfield; the car contained the stolen shotgun and a stocking mask. Within the general area of the car were numerous articles of clothing similar to the articles worn by the bankrobbers. The name "Tracy" was also written on the auto. Most of the clothes stolen in the burglary were recovered in Mrs. Call's home.

■ Although it is admitted that much of the evidence in this case is circumstantial evidence, it is well-settled that the test to determine whether the evidence is sufficient to support a conviction is the same for direct and circumstantial evidence. *United States v. Moore*, 505 F.2d 620 (5 Cir.), *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975). Viewing the circumstantial evidence in this case, we conclude that it is inconsistent with every reasonable hypothesis of innocence and amply supports the appellants' convictions. That the witnesses thought that the getaway car was an Oldsmobile or a Chevrolet and that it actually was a Pontiac and that the victims threatened with such a devastating and indiscriminate weapon as a sawed-off shotgun thought that the gun was a pump model rather than the automatic model actually found in the stolen car clearly marked "Tracy" is too trifling to be seriously considered.

■ The appellants also contend that the trial court erred in admitting the sawed-off shotgun into evidence because it was never established that the proffered shotgun was

---

1. In *Perkins, supra*, we determined that the two counts were not duplicitous. *Perkins* is now, of course, overruled.

actually used in the robbery. In *United States v. Poe*, 462 F.2d 195 (5 Cir. 1972), *cert. denied*, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973), we held that objections such as these go to the weight of the offered evidence and not the admissibility of the evidence.

■ The appellants urge that the trial court erred in admitting evidence of the defendants' flight soon after the robbery. The evidence showed that the appellants traveled extensively and spent a large amount of cash during the weeks following the robbery.[2]

We have reviewed the limiting instruction given by the trial judge and find it to be proper.[3] Moreover, the trial judge acted properly in determining that the probative value of the evidence of flight outweighed its tendency to cause prejudice or to confuse or mislead the jury. F.R.Evid. 403. *See United States v. Alonzo*, 571 F.2d 1384, 1385 [5 Cir. 1978]; *United States v. Myers*, 550 F.2d 1036 (5 Cir. 1977); *United States v. Register*, 496 F.2d 1072, 1078 (5 Cir. 1974).

■ Finally, appellant Scott claims that his confrontation rights as denominated in *Bruton v. United States, supra*, were violated by the following testimony given by Stewart's traveling companion, Brenda Jackson:

Q. (By Mr. Baker for the government) Brenda, listen to my question now. As you drove by this Hamilton Bank on the Chatsworth Highway in Dalton, what, if anything did Ronnie say about himself and that bank?

A. He said that was the bank that him and some of his buddies hit.

Scott argues that even though he was not named in the statement, it was obvious that he was implicated since other clearly admissible testimony identified him as being involved in the event described in the statement. This, Scott contends, violated *Bruton* because he was not given the opportunity to confront Stewart about the statement. This court and others have held that a statement made by one defendant, not inculpatory of a codefendant on its face, is admissible in a joint trial even though other evidence in the case indicates that a codefendant not mentioned in the statement was also involved in the activities described. *United States v. Brown*, 551 F.2d 639, 647 (5 Cir. 1977); *United States v. Dady*, 536 F.2d 675 (6 Cir. 1976); *United States v. Hicks*, 524 F.2d 1001 (5 Cir. 1975); *United States v. Wingate*, 520 F.2d 309, 314 (2 Cir. 1975), *cert. denied*, 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976); *United States v. Trudo*, 449 F.2d 649, 652–53 (2 Cir. 1971), *cert. denied*, 405 U.S. 926, 92 S.Ct. 975, 30 L.Ed.2d 799 (1972); *Slawek v. United States*, 413 F.2d 957, 960–64 (8 Cir. 1969). Moreover, as in those cases, the judge here gave a cautionary statement that the statement could not be considered as evidence against another defendant.

Accordingly, the appellants' 18 U.S.C. § 924(c) convictions are reversed and remanded to the district court with directions

---

2. Indeed appellant, Scott, photographed his traveling companion, Tracy Creek, sitting on a motel bed surrounded by a six-pack of beer and a quantity of cash.

3. The instructions given by the trial court were: Intentional flight or concealment by a defendant immediately after the commission of a crime or after he is accused of a crime that has been committed is not, of course, sufficient in itself to establish guilt, but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case in determining guilt or innocence. Whether or not evidence of flight or concealment shows a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury. Also, whether or not there has been flight is exclusively a matter within the province of the jury.

In your consideration of the evidence of flight, if you should find that there was any flight, you may consider that there are reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness. Let me also suggest that a feeling of guilt does not necessarily reflect actual guilt. The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

to vacate these sentences. The other convictions are affirmed in all respects.

Affirmed in part, reversed in part and remanded.