UNITED STATES of America, Plaintiff-Appellee,

v.

Ronnie Lee STEWART, Defendant-Appellant.

No. 77–5657.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1978.

Robert J. Evans (Court-appointed), Rome, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Julie Carnes, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and THORNBERRY, Circuit Judges.

PER CURIAM:

For the third time this year, appellant Stewart asks this court to reverse his criminal convictions.[1]

Stewart was convicted along with Beacher Drell Roach[2] of bank robbery by force in violation of 18 U.S.C. §§ 2113(a) and (d); and carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2). Stewart was sentenced to serve fifteen years for violating count one and an additional five years for violating count two.

■ For the reasons stated in *United States v. Stewart*, 579 F.2d 356, 357 (5 Cir. 1978), *pet. for cert. filed*, Sept. 25, 1978, we vacate the sentence assessed under count two.[3] *See Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). However, we affirm the conviction as to count one.

Stewart argues that a statement he made following his arrest was improperly admitted into evidence and the evidence against him at trial was insufficient to support his conviction.

■ At Stewart's trial, the government informed the court that it would call as a witness an F. B. I. agent who would testify that Stewart made a statement after arrest and during interrogation. Thereafter, the court held a separate hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) to determine whether Stewart's statement was made voluntarily. At this hearing it was revealed that Stewart had been fully informed of his rights, had read his rights aloud in a coherent fashion, and had expressed a willingness to discuss the bank robbery. Stewart, however, refused to sign an acknowledgement form. Stewart now suggests that his refusal to sign the acknowledgement dispositively demonstrates that his statement was not voluntary. We have repeatedly rejected the argument that a refusal to sign a waiver form precludes subsequent admission of a statement on the grounds that the statement was not voluntarily made or that the defendant had not effectively waived his right against self-incrimination. *United States v. Griffin*, 483 F.2d 957 (5 Cir. 1973); *United States v. McDaniel*, 463 F.2d 129 (5 Cir. 1972); *United States v. Devall*, 462 F.2d 137 (5 Cir. 1972); *Hodge v. United States*, 392 F.2d 552 (5 Cir. 1965).

1. *See United States v. Stewart*, 573 F.2d 84 (5 Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 140, 58 L.Ed.2d 144; *United States v. Stewart*, 579 F.2d 356 (5 Cir. 1978), *pet. for cert. filed*, Sept. 25, 1978.

2. Roach's appeal is being separately considered.

3. The government suggests that *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), is applicable only when a defendant is sentenced under 18 U.S.C. §§ 2113(a) and (d) to a term in excess of twenty years. While the government's argument is not implausible, we read the rule in *Simpson* to be that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both Section 2113(d) and Section 924(c)." *Id.* at 910. We think this rule should be applied irrespective of any sentence actually imposed. *See United States v. Nelson*, 574 F.2d 277, 280 (5 Cir. 1978).

Next, Stewart argues that the evidence against him is insufficient to support his conviction. The lion's share of the evidence against Stewart was given by Brenda Jackson [4] who testified that she participated in the robbery of the Citizen's Bank along with Stewart and Roach.

Stewart suggests that since Brenda Jackson has a history of psychiatric problems and drug abuse and that she testified only to avoid incarceration for her part in the bank robbery, her testimony is unworthy of belief. Stewart confuses our mission as an appellate court and the appropriate role of the jury. Choices of credibility are made by the jury and with the jury the matter rests. *See United States v. Jackson,* 576 F.2d 46 (5 Cir. 1978).

We therefore conclude that Stewart was properly convicted as to count one. However, his conviction under count two is vacated.[5]

AFFIRMED in part and VACATED in part.

---

**4.** Miss Jackson also testified against Stewart in *United States v. Stewart,* 579 F.2d 356, 359 (5 Cir. 1978), *pet. for cert. filed,* Sept. 25, 1978.

**5.** The government argues that since the district court obviously felt that a twenty year sentence was appropriate for the defendant's armed bank robbery, we should allow the district court to re-sentence Stewart to a greater term of imprisonment under 18 U.S.C. §§ 2113(a) and (d) than the term originally imposed. We decline this invitation. To allow this procedure would allow the government to do indirectly what the Supreme Court has held that it cannot do directly. Moreover, such a procedure would require an inquiry into the mental processes of the trial judge that we are not prepared to make.