[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10605
Non-Argument Calendar

_____

D. C. Docket No. 93-00290-CR-UWC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL EDWARD SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 30, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Daniel Edward Scott, proceeding pro se, appeals the district court's denial of

his motion for resentencing, filed pursuant to 18 U.S.C. § 3559(c)(7). After review, we affirm.

## I. BACKGROUND

### A. Criminal Trial and Appeal

In 1993, Scott was convicted of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The presentence investigation report ("PSI") showed that Scott had 10 criminal history points, resulting in a criminal history category V. Three of those points in the PSI were due to Scott's 1977 federal convictions for bank robbery, conspiracy and possession of a firearm.[1] No objections were filed as to those convictions or the criminal history category.

As a result, in April 1994, the district court sentenced Scott to 96 months' imprisonment on the bank robbery count and 240 months' imprisonment on the firearm count, with terms to run consecutively. The district court imposed the 240-month sentence on the firearm count because Scott had the prior 1977 federal conviction for carrying a firearm in violation of § 924(c). In 1994, § 924(c)

---

[1]In 1977, Scott was found guilty in federal court of bank robbery, conspiracy to commit bank robbery and possession of a sawed off shotgun and sentenced to a term of 25 years' imprisonment.

2

provided a mandatory minimum 20-year term of imprisonment, rather than a minimum 5-year term of imprisonment, if the defendant had a prior § 924(c) conviction.  See  18 U.S.C. § 924(c) (1994).[2]

The district court did not know when it sentenced Scott in 1994 that, in 1978, Scott's 1977 § 924(c) conviction had been reversed and remanded with instructions to vacate his sentence.  See United States v. Stewart, 579 F.2d 356, 358 (5th Cir. 1978).  This fact was not brought to the district court's attention or raised on direct appeal of the 1993 convictions and sentences.  Instead, Scott's direct appeal raised two issues unrelated to the vacation of his 1977 § 924(c) conviction.  This Court affirmed his 1993 convictions and sentences on December 8, 1994.  United States v. Scott, No. 94-6374 (11th Cir. Dec. 8, 1994).

## B.    Three Prior Post-judgment Motions

Almost four years later, Scott filed a letter in the district court asking to have his 1994 sentence on his § 924(c) conviction amended pursuant to 18 U.S.C. § 3582(c)(2).  In this letter, Scott argued for the first time that he should not have received the enhanced 20-year mandatory minimum because his prior § 924(c) conviction had been reversed in 1978.  A magistrate judge construed Scott's letter

---

[2]In 1998, § 924(c) was amended to provide for a 25-year statutory minimum for a defendant with a prior § 924(c) conviction.  Pub. L. No. 105-386, § 1(a)(1), 112 Stat. 3469, 3469 (1998).

as a motion to vacate or set aside his 1994 sentence under 28 U.S.C. § 2255 and recommended that Scott's § 2255 motion be dismissed as time-barred.

Scott filed objections to the magistrate judge's report, arguing that his motion should be considered timely because he had ineffective counsel on direct appeal, he had been unable to communicate with his attorney during the appeal process and he only later learned his attorney died during the appeal. Scott also stated that he sent a letter to his attorney asking him to raise on direct appeal the issue of the vacated prior § 924(c) conviction. Over Scott's objections, the district court adopted the magistrate judge's report and recommendation ("R&R") and denied Scott's construed § 2255 motion.

Scott appealed the denial of his motion. In April 1999, this Court denied Scott's motion for a certificate of appealability ("COA"), concluding that he had failed to make a substantial showing of the denial of a constitutional right.

In March 2002, Scott filed an application with this Court for leave to file a second or successive § 2255 motion, again raising the issue of his vacated prior § 924(c) conviction. In April 2002, this Court denied Scott's application, concluding that Scott's claims were not based on newly discovered evidence or a new rule of constitutional law.

In January 2003, Scott filed a motion for relief from the judgment under

4

Federal Rule of Civil Procedure 60(b)(6) in which he raised the issue of his vacated prior § 924(c) conviction. He also argued that his attorney's death during the direct criminal appeal tolled the one-year statute of limitations for filing § 2255 motions and constituted extraordinary circumstances justifying the reopening of his § 2255 proceedings.

In January 2006, a magistrate judge recommended denying the Rule 60(b) motion because it was untimely and did not demonstrate extraordinary circumstances. The R&R also noted that Scott previously had raised the issue of his counsel's death in his initial § 2255 motion and concluded that this argument was insufficient then and now to overcome the time bar. The district court adopted the magistrate judge's R&R and denied Scott's Rule 60(b) motion. Scott appealed, and this Court construed his notice of appeal as a COA and denied it on June 12, 2006.

C.     **Motion on Appeal Now**

On April 6, 2007, Scott filed the motion at issue in this appeal, titled "Motion for Resentencing Under Title 18 USC § 3559(c)(7)." Scott argued that he should be resentenced because the district court relied on his vacated prior § 924(c) conviction to impose the 240-month sentence. As with prior motions, Scott contended he was unaware that his 1977 § 924(c) conviction had been vacated at

5

the time of his 1994 sentencing. He also maintained that he sent a letter to his attorney in October 1994 asking that the § 924(c) issue be raised, but received no response. He did not learn until 1998 that his attorney died after filing a direct appeal brief and that this Court had affirmed his firearm conviction.

The district court denied Scott's motion, concluding that it raised the same issues Scott previously raised in his Rule 60(b) motion for relief from the judgment and that the court and this Court already had disposed of those issues. Scott filed this appeal.

## II. DISCUSSION

### A. Section 3559(c)(7)

At the outset, we note that 18 U.S.C. § 3559(c)(7) does not afford a basis for resentencing Scott. See United States v. Diaz-Clark, 292 F.3d 1310, 1315-18 (11th Cir. 2002) (explaining that district courts do not have authority to modify a prisoner's sentence, except to the extent provided by federal statutory provisions controlling sentencing and the Federal Rules of Criminal Procedure); see also 18 U.S.C. § 3582(c)(1)(B).

Known as the federal "three strikes" law, § 3559 became effective on September 13, 1994. See Pub. L. No. 103-322, § 70001, 108 Stat. 1796, 1982-84 (1994). Under § 3559, a defendant is subject to a mandatory life term of

imprisonment if he has certain prior convictions.  See 18 U.S.C. § 3559(c).

Pursuant to subsection (c)(7), a defendant may be resentenced if a prior conviction

that "was a basis for sentencing" under § 3559 is overturned as unconstitutional.[3]

Scott's prior § 924(c) conviction was the basis for a penalty enhancement

under § 924(c), not for a life sentence under § 3559(c).  Indeed, Scott was

sentenced in April 1994, before the three-strikes law became effective, and could

not have been sentenced under that law.  Therefore, the district court did not abuse

its discretion in denying Scott's § 3559(c)(7) motion.  See United States v. White,

305 F.3d 1264, 1267 (11th Cir. 2002) (reviewing a district court's denial of a

motion filed pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion).

**B.    Other Post-Conviction Relief**

Federal courts have "an obligation to look behind the label of a motion filed

by a pro se inmate and determine whether the motion is, in effect, cognizable under

a different remedial statutory framework."  United States v. Jordan, 915 F.2d 622,

624-25 (11th Cir. 1990).  In Scott's case, Federal Rule of Criminal Procedure 35

---

[3]Section 3559 provides in relevant part:
> If the conviction for a serious violent felony or serious drug offense that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of the original sentencing.

18 U.S.C. § 3559(c)(7) (emphasis added).

7

does not provide authority for modifying Scott's sentence because (1) Scott's motion was not filed within seven days after sentencing and (2) the government has not filed a motion to reduce Scott's sentence based on substantial assistance. See Fed. R. Crim. P. 35(a), (b). Additionally, none of the conditions for reducing an inmate's sentence under 18 U.S.C. § 3582 are met. See 18 U.S.C. § 3582(c)(1)(A), (c)(2) (permitting a district court to modify a prison term if the Director of the Bureau of Prisons moves for a sentence reduction or if the defendant's guidelines range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)).

Even construing Scott's motion as one filed pursuant to § 2255, Scott would not be entitled to relief because his motion is time-barred.[4] The district court already rejected Scott's argument that his attorney's death and his failure to receive notice of the disposition of his direct appeal prevented his 1998 letter motion from being time-barred.[5] Furthermore, that result is correct and would apply with equal

[4]Neither the magistrate judge nor the district court warned Scott of the potential consequences of construing his 1998 letter as a § 2255 motion. Shortly after the district court denied Scott's construed § 2255 motion, the Supreme Court concluded in Castro v. United States that a court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless the court first informs the litigant of its intent to do so and warns the litigant of the restrictions on second or successive § 2255 motions. 540 U.S. 375, 377, 124 S. Ct. 786, 789 (2003). This raises the issue of whether Castro applies retroactively to preclude triggering the restriction on successive motions. However, we need not answer this question because, even if Scott's 2007 motion is construed as a first § 2255 motion, it is time-barred.

[5]In his objections to the August 1998 R&R concluding that Scott's letter motion was time-barred, Scott argued what he argues now – that his attorney's death prevented him from

8

force to Scott's 2007 motion at issue here.

A § 2255 motion is subject to a one-year statute of limitations that begins to run from the latest of four events, the relevant trigger in this case being the date on which Scott's judgment of conviction became final.  See 28 U.S.C. § 2255(f)(1).  Scott's conviction became final 90 days after this Court affirmed his conviction on December 8, 1994.  See Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003).  Because Scott's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he had until April 23, 1997, to file his § 2255 motion.  See Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).  Scott filed the motion now on appeal almost 10 years after the limitations period expired.

The one-year statute of limitations in the AEDPA "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (quotation marks omitted), cert. denied, 128 S. Ct. 1443 (2008).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[ ]."  Id. (quotation marks

---

learning that his conviction had been affirmed on appeal without the § 924(c) conviction issue being raised.  The district court overruled Scott's objections and adopted the R&R, thus rejecting Scott's tolling argument.

omitted).

Even assuming Scott's allegations are true, he has not demonstrated extraordinary circumstances that were "unavoidable even with diligence." According to Scott, at the time of his April 1994 sentencing, he was unaware that his 1977 § 924(c) conviction had been vacated. On August 1, 1994, Scott wrote to his attorney asking for a copy of the appeal brief filed on his behalf and other materials relating to his case. On August 23, 1994, Scott's attorney responded, advising Scott that he had just filed the appeal brief and that he would send copies of all briefs filed once the briefing schedule had been completed. The attorney also stated that he would be in touch as soon as he heard anything.

By October 25, 1994, Scott apparently had learned that his 1977 § 924(c) conviction was vacated because on that date he wrote to his attorney asking that the issue be raise in his direct appeal. The attorney did not respond to Scott's letter or Scott's other attempts to contact him. Scott did not receive a copy of the appeal brief filed on his behalf and did not know whether his attorney had raised the 1977 § 924(c) conviction issue in his appeal. Scott heard nothing further from his attorney.

After waiting almost four years, in July 1998, Scott asked his daughter to try to locate his attorney. After making a series of phone calls, Scott's daughter

10

reported that Scott's attorney died on October 13, 1994, and that this Court affirmed his convictions and sentences on December 8, 1994.

The extraordinary circumstances Scott points to are his attorney's death, which resulted in Scott failing to learn that the § 924(c) conviction issue had not been raised on direct appeal and that his conviction had been affirmed. Even assuming these circumstances could be considered "extraordinary," Scott has not alleged facts showing that he acted with the requisite diligence. See Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008) (stating that in addition to extraordinary circumstances, the petitioner also must show that he exercised due diligence to ensure his petition was timely filed); Johnson v. Florida Dep't of Corrs., 513 F.3d 1328, 1333 (11th Cir. 2008) (explaining that "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline" (quotation marks omitted)). Although the diligence requirement "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option," it does require him to "make reasonable efforts." Downs, 520 F.3d at 1323.

If the facts Scott has alleged are true, Scott knew by October 25, 1994, that the 1977 § 924(c) conviction supporting his sentencing enhancement had been vacated. He also knew that his attorney already had filed his appeal brief in

11

August 1994 and had promised to send him copies of the briefs once briefing concluded. Yet, when he did not hear from his attorney or receive copies of the briefs, Scott did nothing for over three-and-a-half years. During that period, the AEDPA took effect, and the one-year limitations period expired on April 23, 1997. Only a year-and-a-half after the limitations period expired did Scott ask his daughter to locate his attorney and determine the status of his direct criminal appeal. Thus, Scott did not make reasonable efforts to ascertain in a timely manner the status of his direct criminal appeal or his federal habeas filing deadline and is not entitled to equitable tolling of the limitations period. Accordingly, Scott's 2007 motion, filed almost ten years after the one-year limitations period expired, is time-barred.[6]

**AFFIRMED.**

---

[6]Scott's motion cannot be construed as a 28 U.S.C. § 2241 motion filed under the "savings clause" in 28 U.S.C. § 2255 because his claim is not based on a retroactively applicable Supreme Court decision. See Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999). Nor would Scott be entitled to relief pursuant to a writ of error coram nobis or a writ of audita querela.