[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15178
Non-Argument Calendar

_____

D. C. Docket No. 07-00058-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE SCHIMMEL,
a.k.a. Jimmy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 30, 2009)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

David Schimmel appeals his convictions for (1) conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), (vii), and 846; (2) possession with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 841(b)(1)(A)(ii); and (3) possession with intent to distribute 100 kilograms or more of marijuana, 21 U.S.C. § 841(b)(1)(B)(vii).  On appeal, Schimmel first argues that the district court erred in denying his motion to suppress because the warrant to search his house at 133 N. Audrey Circle was not supported by probable cause.  Next, Schimmel argues that the district court improperly commented on the evidence in a jury instruction regarding consciousness of guilt.

I.

We find no error in the district court's conclusion that the warrant was supported by probable cause.[1]  The Fourth Amendment states: "no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV.  "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."  United States v. Brundidge, 170 F.3d 1350, 1352 (11th

---

[1]     We review the district court's determination that an affidavit establishes probable cause de novo and its findings of fact for clear error.  United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000).  We give due weight to the inferences that the district court and law enforcement officers drew from the facts.  Id.

Cir. 1999).

Schimmel's arguments fall into three categories. We address each in turn. First, the search warrant affidavit contained statements from two unidentified informants that Schimmel was involved in dealing marijuana. Schimmel argues that the affidavit did not establish the informants' veracity or the basis of their knowledge. Generally, if an informant is mentioned, "the affidavit must also demonstrate the informant's 'veracity' and 'basis of knowledge.'" United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). Nevertheless, if an informant's tip is sufficiently independently corroborated, no need exists to establish the veracity of the informant. Id. The district court considered several facts contained in the affidavit. One informant indicated that the Schimmel used a residence in Ft. Walton Beach, Florida. The other informant stated that he had assisted in loading and unloading marijuana for Schimmel at 133 N. Audrey Circle (located in Ft. Walton Beach). Schimmel had a valid Florida license listing his address as 133 N. Audrey Circle. On March 14, 2007, detectives observed a white Ford utility truck with Texas tag 9kT-W71 driven by Schimmel's father depart from 133 N. Audrey Circle. The vehicle was registered to Schimmel. Detectives observed a blue container in the bed of the truck. On April 2, 2007, during a traffic stop approximately two blocks from 133 N. Audrey Circle, the police seized

3

approximately 52 kilograms of cocaine and approximately 460 kilograms of marijuana from a hidden compartment inside a blue container in the bed of the same white Ford utility truck. Police identified Louis Gagnon as the driver at that time. In light of these facts, we discern no error in the district court's conclusion that the information provided by the informants was sufficiently independently corroborated.

Second, Schimmel argues that the affidavit did not demonstrate an adequate nexus between the criminal activity investigated and the premises to be searched. The supporting affidavit "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Martin, 297 F.3d at 1314. "The nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990). Here, Schimmel's valid Florida license listed his address as 133 N. Aubrey Circle. A confidential informant indicated that on several occasions he assisted Schimmel in unloading marijuana at 133 N. Aubrey Circle. Significant quantities of cocaine and marijuana were discovered hidden in a truck registered to Schimmel and previously observed departing from 133 N. Aubrey Circle. Furthermore, the affiant, a narcotics

investigator with nine years of experience, stated that he knew it was common for drug traffickers to secret contraband and related materials in or near their residences. Accordingly, we discern no error in the district court's conclusion that the affidavit described a sufficient nexus between the criminal activity and the residence to be searched.

Finally, Schimmel asserts that the information in the affidavit was stale. "A warrant application based upon stale information of previous misconduct is insufficient, because it fails to create probable cause that similar or other improper conduct is continuing to occur." United States v. Bascaro, 742 F.2d 1335, 1345-46 (11th Cir. 1984), abrogated on other grounds by United States v. Lewis, 492 F.3d 1219 (11th Cir. 2007). There is no particular rule or time limit for when information becomes stale but, in deciding whether information presented in support of a warrant is stale, we examine the (1) length of time between when the information was obtained and the time when the search warrant was executed, (2) nature of the suspected crime, (3) habits of the accused, (4) character of the items sought, and (5) nature and function of the premises to be searched. United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). In considering the nature of the crime, we distinguish between criminal activity that is "protracted and continuous" and criminal activity that is "isolated." Id. If the affidavit "recites activity

5

indicating protracted or continuous conduct, time is of less significance." Id. (quotations and citation omitted). "Protracted and continuous activity is inherent in large-scale drug trafficking operations." Bascaro, 742 F.2d at 1346. Furthermore, "stale information is not fatal if the government affidavit updates, substantiates, or corroborates the stale material." United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994). Here, the facts in the affidavit suggest an ongoing drug operation. Additionally, officers discovered significant quantities of illegal drugs in the white Ford registered to Schimmel just three days before the magistrate issued the search warrant. Thus, we discern no error in the district court's determination that the information in the affidavit was not stale.

In summary, the district court did not err in denying Schimmel's motion to suppress because the search warrant was supported by probable cause.

II.

Schimmel argues that the district judge improperly commented on the evidence in a jury instruction. We find no error.[2] The relevant jury instruction is set forth below:

> [D]uring the course of the trial, the government introduced

---

[2] We review the legal correctness of a jury instruction de novo, but defer on questions of phrasing absent an abuse of discretion. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). We examine "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." United States v. Starke, 62 F.3d 1374, 1380 (11th Cir. 1995).

some letters written by Defendant Schimmel which the government contends show he intended to influence the testimony from Mr. Gagnon, a co-defendant and witness in the case. As I previously instructed you, some of the language in the letters has been redacted or blacked out for reasons the jury need not be concerned with. You, therefore, must not speculate on how the letters might have read absent redactions.

You may not consider the letters as a substitute for proof of guilt of the specific offenses in this case with which the Defendant Schimmel is charged. If, however, you find the Defendant Schimmel did attempt to influence a witness whom he believed the government was going to call or had called, you may, but are not required, to infer the Defendant Schimmel believed he was guilty of the crime for which he is charged.

You should also consider that there may be reasons for the conduct by Defendant Schimmel which are consistent with innocence. A feeling of guilt does not necessarily reflect actual guilt of the crime.

Whether or not the evidence of Defendant Schimmel's contact with Mr. Gagnon shows that Defendant Schimmel believed he was guilty of the crimes for which he is now charged and the significance, if any, to be given to such evidence is for you, the jury, to decide.

Schimmel claims that this instruction was not neutral. In fact, Schimmel characterizes it as a "mandate" to the jury to find that Schimmel believed he was guilty of the crimes for which he was charged. We disagree. In fact, contrary to Schimmel's argument, we find this instruction to be very similar to the jury instruction on flight approved in United States v. Stewart, 579 F.2d 356, 359 & n.3 (5th Cir. 1978).[3] We find no abuse of discretion in the district court's choice of

---

[3] The instruction in Stewart stated: "Intentional flight or concealment by a defendant immediately after the commission of a crime or after he is accused of a crime that has been committed is not, of course, sufficient in itself to establish guilt, but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case in determining guilt or innocence. Whether or not evidence of flight or concealment shows a

phrasing.

Accordingly, for the foregoing reasons,[4] the judgment of the district court

convicting Schimmel is

AFFIRMED.

---

consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.  Also, whether or not there has been flight is exclusively a matter within the province of the jury.  In your consideration of the evidence of flight, if you should find that there was any flight, you may consider that there are reasons for this which are fully consistent with innocence.  These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.  Let me also suggest that a feeling of guilt does not necessarily reflect actual guilt." Stewart, 579 F.2d at 359 n.3.

[4]    In light of the fact that we find no error on any of the issues Schimmel raises, we need not address Schimmel's argument regarding cumulative error.